UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY COMANDINI,

    Plaintiff,

v.                                        Case No: 8:19-cv-3101-TPB-JSS

GREYSTONE HEALTHCARE
MANAGEMENT CORP., GREGG
HOPPER and CONNIE BESSLER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the parties' Joint for Approval of Settlement Agreement ("Motion"). (Dkt. 31.) On March 22, 2021, the Court held a hearing on the Motion. As directed during the hearing, the parties have supplemented their Motion and furnished an addendum to the Settlement Agreement. (Dkt. 36.) Upon consideration, and after reviewing the Settlement Agreement (Dkt. 31-1) and addendum (Dkt. 36-1), the Court recommends that the Motion be granted.

## APPLICABLE STANDARDS

Claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Therefore, in any FLSA case, the court must review the settlement to determine

whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. When evaluating whether a compromise is fair and reasonable, the court may consider: (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorneys' fees were agreed upon separately and without regard to the amount paid to the plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## ANALYSIS

This case involves disputed issues of liability and damages under the FLSA, which constitutes a bona fide dispute. (Dkt. 1 ¶¶ 16-67.) The parties stipulate that the terms of the Settlement Agreement represent "a fair and equitable resolution of this matter in light of the contested issues in this case." (Dkt. 13 at 2.) Under the proposed Settlement Agreement, Defendants have agreed to pay Plaintiff (1) $5,000 in unliquidated damages and $5,000 in liquidated damages; (2) $2,000 to settle the FLSA retaliation claim; and (3) $4,000 in attorney's fees and costs. (Dkt. 31 at 2.) Additionally, the Settlement Agreement contains a general release from Plaintiff, a non-disparagement clause, and a non-incitement clause. (Dkt. 15 at 4.)

**A. Attorney's Fees**

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

However, if the matter of attorney's fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees. *Bonetti*, 715 F. Supp. 2d at 1228; *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-01401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D Waterblasting Co.*, No. 6:15-cv-00033-orl-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (applying the reasoning in *Bonetti*).

Here, the parties do not address whether the amount to be paid to Plaintiff's counsel for fees was negotiated separately from the amounts negotiated for Plaintiff. However, the amount of fees is supported by the timekeeping records of Plaintiff's counsel, which reflect that counsel spent 28.40 hours of time on the case. (Dkt. 31-3.) In addition, the amount to be paid as attorney's fees, $4,000, is reasonable in relation to the amount recovered and the nature of the case. In addition, the amount Plaintiff's counsel will receive equates to a rate of $140 per hour, which is within the range of reasonable rates approved by courts in this district. *See, e.g., Wicke v. Sch. Bd. of Brevard Cty.*, No. 6:11-CV-395-ORL-31, 2011 WL 4550215, at *1 (M.D. Fla. Sept. 12, 2011) (finding hourly rate of $270 was within the range of reasonable hourly rates approved by this Court in FLSA cases in the absence of objection), *report and recommendation adopted*, No. 6:11-CV-395-ORL-31, 2011 WL 4550209 (M.D. Fla. Sept. 30, 2011). Therefore, it is recommended that the Court find that the attorney's fees to be paid

under the settlement are reasonable and did not taint the amount that Plaintiff agreed to accept in settlement of his FLSA claim.

### B. General Release

The release contained in the parties' proposed settlement agreement provides as follows:

> **Release.**  In exchange for the consideration described in this Agreement, Comandini, for himself, and on behalf of his heirs and/or personal representative(s), voluntarily and knowingly waives[,] unconditionally releases, acquits and forever discharges Greystone, Hopper and Bessler, individually and/or jointly and severally, from any and all claims, rights, liens, demands, damages and causes of action, in law or in equity, of any kind whatsoever, which Comandini had, has[,] or may have against Greystone, Hopper and Bessler, Individually and/or jointly or severally, from the beginning of the world through the Effective Date of this Agreement, whether such claims, rights, or causes of action are now known or are later discovered, including, but not limited to, and claims lawsuits demands, damages and/or requests concerning, against Greystone, Hopper or Bessler, jointly and severally, *Jeffrey Comandini v. Greystone Healthcare Management Corp. et al.*, Case No. [8]:19-cv-03101-[TPB]-JSS, in the U.S. Middle District of Florida, connected to or flowing from said matter; that were or could have been made pertaining to said matter any employment-related, Fair Labor Standards Act, retaliation, public policy and contractual claims, including but not limited to claims for back pay, front pay, minimum wage, wages, liquidated damages, declaratory or injunctive relief, punitive damages, compensatory damages, commission, expenses, costs and attorneys' fees.  This release covers all statutory, common law, constitutional, state, federal, local and other claims related to this matter.

(Dkt. 31-1 at 4).

The *Lynn's Food* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). General releases in FLSA cases require additional judicial scrutiny to ensure that the release is not a pervasive release "in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). However, if a plaintiff is given compensation in addition to that to which he or she is entitled under the FLSA, then general releases can be permissible. *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-00079-orl-37TBS, 2014 WL 4385593, at *1, 4 (M.D. Fla. Sept. 4, 2014).

Here, the parties have furnished an addendum confirming that the general release is supported by separate consideration. (Dkt. 36-1.) Because the general release is supported by consideration in addition to that to which Plaintiff is entitled under the FLSA, the Court concludes that the general release is permissible. *Weldon*, 2014 WL 4385593, at *1.

### C. Non-Disparagement Clause

The parties' proposed settlement agreement also contains a non-disparagement clause that requires judicial scrutiny in evaluating whether the proposed settlement is fair and reasonable. The non-disparagement clause provides as follows:

> **Non-Disparagement.** Comandini shall not engage in any activity that embarrasses, defames or disparages Greystone, Hopper, Bessler, individually and/or jointly and severally,

- 5 -

>or any of the Released Parties, and shall not make any negative or derogatory commentary about Greystone, its officers, employees or any of the Released Parties, Hopper, Bessler, individually and/or jointly and severally (orally or in writing). Comandini agrees that this prohibition extends to written statements and oral statements made; including but not limited to, any individual, relatives, friends, competitors, vendors, present, past and future co-workers; through means of communications, including but not limited to, telephonic communications, electronic communications, in-person communications, social gatherings, all social media platforms, online platforms and any news outlets. Comandini understands and acknowledges that this is a material provision of said agreement and that any breach of this paragraph constitutes a material breach of said agreement.

(Dkt. 31-1 at 5–6.)

"Courts within this circuit routinely reject . . . non-disparagement clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA." *Ramnaraine v. Super Transp. of Fla.*, LLC, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-ORL-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014)). Notwithstanding this line of cases, however, other courts have approved non-cash concessions such as non-disparagement clauses in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation*

*adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).

As with the general release, the parties have furnished an addendum confirming that the non-disparagement clause is supported by separate consideration. (Dkt. 36-1.) Because the non-disparagement clause is supported by consideration in addition to that to which Plaintiff is entitled under the FLSA, the Court concludes that the non-disparagement clause is permissible. *See, e.g.*, *Smith v. Aramark Corp.*, No. 6:14-CV-409-ORL, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) ("[T]he general release and waiver and ADEA waiver in Reed's settlement agreement, as well as the confidentiality and non-disparagement clauses in both settlement agreements are supported by separate consideration and do not render the settlement unfair or unreasonable.").

### D. Non-Incitement Clause

The parties' proposed settlement agreement also contains a provision stating that Plaintiff agrees that he "will not encourage or incite" any person, including current or former employees of Defendants, to assert complaints, claims, or charges against Defendants. (Dkt. 31-1 at 4.) As with the non-disparagement clause, the parties have furnished an addendum confirming that the non-incitement clause is supported by separate consideration. (Dkt. 36-1.). Courts in this district have approved settlement agreements containing non-incitement clauses where the clauses are supported by independent consideration. *See Pavlosky v. Winghouse XI*, LLC, No.

612CV1711ORL28TBS, 2014 WL 12868917, at *4 (M.D. Fla. Apr. 22, 2014) ("Ms. Pavlosky and Ms. Henry are each receiving an additional $2,000 in return for their general releases, agreements to maintain confidentiality, not disparage Defendants, and not incite additional claims against Defendants."), *report and recommendation adopted*, No. 612CV1711ORL28TBS, 2014 WL 12867027 (M.D. Fla. Apr. 23, 2014). Accordingly, the non-incitement clause is permissible and does not render the proposed settlement agreement unfair or unreasonable.

### E. Retention of Jurisdiction

Lastly, the parties' Motion states that the "stipulation of dismissal is conditioned upon the Court's entry of an Order to retain jurisdiction to enforce the terms of the settlement agreement reached in this case." (Dkt. 31 at 3–4.) However, in their addendum, the parties state that the settlement agreement is not conditioned upon the Court's retaining jurisdiction to enforce the terms of the settlement. (Dkt. 36 ¶ 2.) In the absence of an independent basis for jurisdiction or compelling circumstances, it is recommended that the Court decline to retain jurisdiction to enforcement the terms of the settlement agreement.

Accordingly, it is **RECOMMENDED**:

1. The Joint Motion for Approval of Settlement Agreement (Dkt. 31) and supplemental motion (Dkt. 36) be **GRANTED**;

2. The Settlement Agreement and Release (Dkt. 31-1) and Addendum (Dkt. 36-1) be **APPROVED**; and

3. The case be **DISMISSED** with prejudice and closed.

**IT IS SO REPORTED** in Tampa, Florida, on April 8, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record